IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CORA J. WILLIAMS, | No. C 08-04170 SI |
| Plaintiff, | **ORDER GRANTING DEFENDANT'S REQUEST FOR A PROTECTIVE ORDER [Docket No. 32]** |
| v. | |
| PRUDENTIAL INSURANCE COMPANY OF AMERICA, | |
| Defendant.      / | |

Now before the Court is the parties' dispute over the location of a deposition. Defendant seeks a protective order requiring the deposition of defendant's Rule 30(b)(6) witness to take place in Portland, Maine rather than New York City. Defendant has identified Tanya Anderson as the witness who will testify on defendant's behalf pursuant to Rule 30(b)(6). Anderson is a disability claims manager for defendant. She works in its Portland, Maine office and lives in the Portland area. *See* Decl. of Tanya Anderson in Supp. of Def's Mot. for Protective Order ("Anderson Decl.") ¶ 1. She supervises the personnel who are responsible for handling long term disability claims for the group contract at issue in this case. *Id.* Plaintiff's claim for long term disability benefits was reviewed and determined in defendant's Portland office. *Id.* ¶ 3. Anderson is in the process of adopting a baby and represents that traveling from Portland to New York City will impose an undue burden on her. *Id.* ¶ 4. Defendant is willing for Anderson to appear telephonically or, if it can be arranged, by video conference.

Plaintiff has noticed the deposition to take place in New York City, where defendant has an office. Plaintiff also points out that defendant's principal corporate offices are not far from New York City, in Newark, New Jersey. While plaintiff contends that Anderson has no connection to plaintiff's

1 claim, plaintiff offers no evidence to rebut Anderson's declaration. Plaintiff also claims that moving
2 the deposition will "present a significant hardship" to plaintiff, apparently because New York City,
3 where plaintiff's counsel has an office, would be a more convenient location.

4 Federal Rule of Civil Procedure 26(c) provides that a court in which the action is pending "may,
5 for good cause, issue an order to protect a party or person from . . . or undue burden or expense,
6 including . . . specifying terms, including time and place, for the disclosure or discovery[.]" Fed. R. Civ.
7 Pro. 26(c). "The burden is on the person seeking the protective order to demonstrate good cause."
8 *United States v. $160,066.98 from Bank of America*, 202 F.R.D. 624, 626 (S.D. Cal. 2001) (citation
9 omitted). "A district court has wide discretion to establish the time and place of depositions." *Id.*, citing
10 *Hyde & Drath v. Baker*, 24 F.3d 1162, 1166 (9th Cir. 1994).

11 The Court finds that defendant has demonstrated that requiring Anderson to travel from Portland
12 to New York City would constitute an undue burden. It appears that, contrary to plaintiff's contention,
13 Anderson has a connection to plaintiff's claim as she supervises the personnel handled plaintiff's
14 insurance policy, and her office reviewed and determined plaintiff's claim. She is therefore a suitable
15 Rule 30(b)(6) witness. Anderson represents that it will be difficult for her to travel from Portland to
16 New York City while she is in the process of adopting a baby. This concern outweighs the
17 inconvenience to plaintiff's counsel in conducting the deposition in Portland rather than New York City.
18 In addition, defendant has proposed reasonable alternatives: if plaintiff's counsel wish, they can depose
19 Anderson by telephone or by video conference, which could obviate the need for plaintiff's counsel to
20 travel. Accordingly, the Court GRANTS defendant's request for a protective order. Absent a contrary
21 agreement by the parties, the deposition of Anderson shall take place in Portland.

**IT IS SO ORDERED.**

Dated: July 24, 2009

SUSAN ILLSTON
United States District Judge