IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CORA J. WILLIAMS,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>PRUDENTIAL INS CO., and DOES 1-50, inclusive<br><br>　　　　Defendant.<br>　　　　　　　　　　　　　　　　　　／ | No. C 08-04170 SI<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT** |

Plaintiff has filed a motion for leave to file a first amended complaint. The motion is scheduled for hearing on February 5, 2010. Pursuant to Civil Local Rule 7-1(b), the Court finds this matter appropriate for resolution without oral argument, and hereby VACATES the hearing. Having considered the papers submitted, and for good cause shown, the Court hereby GRANTS plaintiff's motion for leave to amend.

**BACKGROUND**

On May 31, 2008 plaintiff, Cora J. Williams, filed a complaint in state court alleging two causes of action: breach of contract and breach of the covenant of good faith and fair dealing in the termination of plaintiff's disability benefits. Notice of Removal [Docket No. 1]. The case was removed to this Court by defendant, The Prudential Insurance Company of America (hereinafter "Prudential"), on September 3, 2008. *Id.*

The allegations in the original complaint maintain that plaintiff was a covered beneficiary under

a group long-term disability insurance policy (hereinafter "Policy") issued by the defendant which covered the employees of plaintiff's former employer, Queen of the Valley Hospital, a facility of St. Joseph Health System. *Id.* at Exhibit "A", Compl. ¶ 1. According to the original complaint, the breach of contract claim is based upon defendant's denial of "plaintiff's claim for disability benefits due and owing to her under the Policy. . . [and] unreasonably and wrongfully failing to conduct a proper investigation and review prior to refusing payment of plaintiff's benefits." *Id.* at ¶¶ 5,7. The breach of covenant of good faith and fair dealing claim rests on allegations that "[d]efendant's denial of plaintiff's claim for payment of disability insurance benefits was unreasonable and without proper foundation." *Id.* at ¶ 10.

Plaintiff's original complaint prayed for judgement to include: benefits due under the Policy, declaratory and equitable relief, prejudgment interest, attorney fees, costs and expenses, and "other and further relief as the Court deems just and proper." *Id.* at 3:16-21.

This motion for leave to amend comes 45 days after the parties stipulated, and this Court ordered, that Prudential could file an Amended Answer to include an affirmative counterclaim against plaintiff, and that plaintiff could seek the Court's leave to amend her complaint to add a punitive damages claim to this action. Docket No. 44; 1:24-25, 2:1-9. Plaintiff's motion for leave to amend the complaint was filed in tandem with a declaration of her counsel, Julian M. Baum, and includes a Proposed First Amended Complaint. [Docket No. 53] (hereinafter "Baum Decl." and "Proposed FAC").

In the current motion, plaintiff seeks to file her FAC to include a prayer for punitive damages under Cal. Civ. Code §3294, trebled damages under Cal. Civ. Code §3345, and to allege a third claim for violation of the Unfair Trade Practices Act of the California Business and Professions Code (hereinafter "UCL"). Plaintiff's proposed third cause of action seeks to enjoin defendant from illegal business practices in violation of UCL, a court order requiring defendant to institute changes in its record keeping practices, and restitution for all persons who have suffered from such illegal acts. Proposed FAC 7:3-7.

**LEGAL STANDARD**

Federal Rule of Civil Procedure 15 governs amendment of the pleadings. It states that if a

responsive pleading has already been filed, the party seeking amendment "may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a). This rule reflects an underlying policy that disputes should be determined on their merits, and not on the technicalities of pleading rules. *See Foman v. Davis*, 371 U.S. 178, 181-82 (1962). Accordingly, the Court must be generous in granting leave to amend. *See Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990) (leave to amend granted with "extreme liberality"); *Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989).

However, there are several accepted reasons to deny leave to amend, including the presence of bad faith on the part of the plaintiff, undue delay, prejudice to the defendant, futility of amendment, and that the plaintiff has previously amended the complaint. *See Ascon Props.*, 866 F.2d at 1160; *McGlinchy v. Shell Chem. Co.*, 845 F.2d 802, 809 (9th Cir. 1988). Courts do not ordinarily consider the validity of a proposed amended pleading in deciding whether to grant leave to amend, but leave may be denied if the proposed amendment is futile or would be subject to dismissal. *See Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991).

**DISCUSSION**

Plaintiff cites two events as the basis for the Proposed FAC. First, plaintiff asserts that the corporate deposition of a Prudential employee that took place on September 24, 2009, in conjunction with other documents produced by defendant after this action was removed from state court, gave rise to good faith grounds in compliance with Rule 11 for plaintiff to seek punitive damages. Plf.'s Memo, 4:18-21 [Docket 52]; Baum Decl. ¶ 4. Second, plaintiff asserts that the recent California appellate opinion in *Zhang v. Superior Court*, 178 Cal. App 4th 1081 (Oct. 29, 2009) provided good faith grounds for her to add a cause of action for injunctive relief under the UCL. Plf.'s Memo at 4: 21-22; Baum Decl. ¶ 5. Defendant opposes the motion for leave to amend, arguing that it is unnecessarily delayed, would be unfairly prejudicial to defendant, is futile as a matter of law, and violates constitutional protections.

**I.     Undue Delay and Unfair Prejudice**

3

Defendant asserts that plaintiff's motion for leave to amend should be denied in light of plaintiff's unreasonable delay and that allowing amendment would result in unfair prejudice to defendant. Def.'s Opp'n. 9-11. The Court observes that the original complaint in this case was filed approximately 20 months ago. Although "delay, by itself, is insufficient to justify denial of leave to amend," *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987), prejudice occasioned by an undue delay is a proper ground for denial. *See Howey v. United States*, 481 F.2d 1187, 1190 (D. Alaska 1973) ("[T]he crucial factor [in determining whether to grant leave to amend] is the resulting prejudice to the opposing party."). To decide whether the addition of new claims will prejudice defendant, the Court looks to whether plaintiff's amendment(s) will necessitate additional discovery, research or preparation, delay the proceedings, or increase the cost of litigation. *See Ascon*, 866 F.2d at 1161.

Defendant asserts two arguments to show undue delay and unfair prejudice: 1) that no new facts have been alleged since the inception of this action to justify the delay in seeking leave to amend; and 2) that the addition of a claim for relief under UCL and the expansion of potential damages to include punitive and treble damages under Cal. Civ. Code §3294 and §3345 will "dramatically expand the scope of the lawsuit." Def.'s Opp'n. 12:8-9.

Defendant states that plaintiff attempts to bring a new cause of action based on the same facts previously known at the time of the original filing. *Id.* at 10:14-19. Defendant argues that because the facts of the case have not changed since May 2008 when the suit was originally filed, plaintiff's tardiness in requesting leave to amend is not justified. *Id.* at 11:14-17. However, the Court finds that plaintiff has based the Proposed FAC on a sufficient change in circumstances to justify amendment at this time. First, plaintiff's reliance on deposition testimony of the Prudential employee most knowledgeable about the business practices at issue is adequate to permit amendment of the complaint. It is certainly feasible that testimony from this deposition gave rise to good faith grounds for seeking punitive damages. The Court need not assess the merits of the damages claim at the pleadings stage and there is no reason to preclude plaintiff from presenting her claims on the merits.

Furthermore, plaintiff's interpretation of the decision in *Zhang* to "enlarg[e] the circumstances under which plaintiffs may properly assert claims for relief under [UCL]" is adequate to support good

4

faith grounds for the addition of the third claim. Plf.'s Memo, 4:1-5. The applicability of the *Zhang* decision to plaintiff's case is discussed in further detail below.

With regard to the expansion of the scope of the lawsuit, defendant argues that granting leave to amend would necessitate additional investigation and discovery, and could necessitate the retention of additional expert witnesses. Def.'s Opp'n. 12:19-23. Defendant brings the Court's attention to the upcoming February 26, 2010 and April 26, 2010 discovery deadlines to illustrate the unfair prejudice granting plaintiff's motion would create at this stage in the litigation. Def.'s Opp'n. 14:12-21. However, the Court is not persuaded by this argument. The Proposed FAC neither expands the time period of liability, nor adds new defendants, two sufficient reasons this Court has found for rejecting leave to amend at this late stage in the litigation. *See Ambat v. City & County of San Francisco*, 2009 U.S. Dist. LEXIS 93205 (N.D. Cal. Sept. 18, 2009). With regard to the limited time to seek additional experts or conduct additional discovery, defendant may seek an extension of those scheduled deadlines if it becomes necessary to do so.

## II.     Futility

Defendant asserts that amending the complaint to include either a claim arising under UCL or a prayer for trebled damages under Cal Civ. Code §3345 would be futile. More specifically, defendant argues that plaintiff's claim under UCL is an improper end-run around *Moradi-Shalal v. Fireman's Fund Ins. Cos.*, 250 Cal. Rptr. 116 (1988), and that the treble damages sought by plaintiff are not applicable to Cal. Civ. Code §3294, the statute under which plaintiff seeks punitive damages.

### A.     UCL Claim

Plaintiff seeks to add a cause of action under California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, et seq., which prohibits any "unlawful, unfair, or fraudulent business act." Plaintiff asserts that her UCL claim is predicated upon violations of Cal. Code Reg. §10, sub. 2695.3 requiring, *inter alia,* maintenance of accessible business records of all insurance claims. Plaintiff asserts that the decision in *Zhang v. Superior Court,* which came down after her original complaint was filed, enlarged the scope of private rights of action under the UCL to include such a claim. Mot. 8:10-11.

5

Defendant responds that Cal. Code Reg. §10 is only enforceable by the Insurance Commissioner and not a viable predicate claim for a private right of action under the UCL. Def.'s Opp'n. 7:1-12. As such, Defendant contends that plaintiff's UCL claim is barred.

In *Moradi-Shalal*, the California Supreme Court held that no private cause of action may be brought under Cal. Ins. Code § 790.03(h). *Moradi-Shalal*, 46 Cal.3d at 313. Since *Moradi-Shalal*, California courts have held that a plaintiff cannot plead a violation of § 790.03(h) as an "unfair, unlawful or fraudulent business act" for the purposes of the UCL. *See Textron Fin. Corp. v. Nat'l Union Fire Ins. Co.*, 118 Cal. App. 4th 1061 (2004). However, the Court notes that the California Court of Appeal recently expressly rejected *Textron*. *See Zhang v. Superior Court*, 100 Cal. Rptr. 3d at 806, 808-09. A court in the Central District of California has subsequently held that "to the extent *Textron* stands for the proposition that conduct that falls within the UIPA [Unfair Insurance Practice Act, Insurance Code §§ 790 et al.] can never give rise to a UCL violation, the Court finds it contrary to the great weight of authority and declines to follow it for the reasons expressed in *Zhang*." *Burdick v. Union Sec. Ins. Co.*, 2009 U.S. Dist. LEXIS 121768 (C.D. Cal. Dec. 9, 2009).

Given that plaintiff's UCL claim is predicated on the violation of laws other than the UCL, it is fair to conclude that she is not simply repackaging an Insurance Code §790 claim as a UCL claim as defendant contends. Additionally, because her complaint does not allege any unfair claims settlement practices, the holding of *Moradi-Shalal* does not preclude plaintiff's UCL claim alleging other unfair acts in the business of insurance. Therefore, plaintiff may add a cause of action under the UCL based on the current law governing private rights of action for UCL violations.

**B.  Civil Code 3345**

Defendant next contends that the trebling of punitive damage claims under Cal. Civ. Code §3345 is limited to only *statutory* causes of action and that plaintiff cannot establish a basis for her proposed claim for trebling of damages under this provision because her causes of action arise under common
United States District Court / For the Northern District of California

law.[1]  Def.'s Opp'n. 8:4-12.

The statute reads in relevant part that §3345 trebled damages apply to acts against senior citizens or disabled persons "[w]henever a trier of fact is authorized by a statute to impose either a fine, or a civil penalty or other penalty, or any other remedy the purpose or effect of which is to punish or deter." Cal. Civ. Code §3345(b). Thus, on its face, §3345 limits treble damages not to statutory causes of action, but to statutory awards of punitive damages. Plaintiff seeks statutory punitive damages under Cal. Civ. Code §3294, which permits a trier of fact to impose punitive damages for the purpose of deterrence.[2] Plaintiff may seek to treble those damages pursuant to Cal. Civ. Code §3345.

### III. Constitutional Implications

Finally, defendant opposes the trebling of damages under §3345 because it "runs afoul of federal and state constitutional protections against excessive and arbitrary punitive damages awards." Def's Opp'n. 8:14-15. Defendant cites to *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408 (2003) as a caution against damages that are disproportionate to the amount of harm suffered by the plaintiff. *Campbell* also goes on to say that "[a] basic principle of federalism is that each state may make its own reasoned judgment about what conduct is permitted or proscribed within its borders, and each state alone can determine what measure of punishment, if any, to impose on a defendant who acts within its jurisdiction." *Id.* at 422. California has chosen to provide the opportunity to treble punitive damages for claims made by senior citizens and disabled persons.[3] Plaintiff has alleged that she is disabled within the meaning of §3345. Of course, courts reviewing punitive damages must ensure that the award is

---

[1] Another court in this district recently heard similar arguments in opposition to trebled damages for a UCL claim and ultimately allowed claims for trebled damages under Cal. Civ. Code §3345 to proceed at the pleadings stage pending California Supreme Court review of *Clark v. Superior Court,* 94 Cal. Rptr. 3d 135 (Cal. Ct. App. 2009). *George v. Hartford Life & Accident Insurance Co.,* No. 09-CV-04059-VRW, Doc. No. 11, 3:18-28 (Filed 11/13/09).

[2] *Ross v. Pioneer Life Ins. Co.*, 545 F. Supp. 2d 1061, 1064 (C.D. Cal. 2008) ("California's civil statutory scheme permits a trier of fact to impose a penalty for such conduct, by virtue of California Civil Code §3294, which permits a trier of fact to impose punitive damages for the purpose of deterrence.")

[3] "[T]he Legislative history of Civil Code §3345 indicates that when it was enacted it was expressly foreseen that the provision would be applied to a trebling of punitive damages under Civil Code §3294." *Ross*, 545 F. Supp. 2d at 1066.

7

reasonable and proportionate, but this consideration in not properly invoked at the pleadings stage of litigation. Consequently, the Court does not find that permitting plaintiff to pray for trebling of punitive damages would be an unconstitutional violation of defendant's right to be free from excessive and arbitrary punitive damage awards.

In sum, because the proposed amendment would not be futile and does not significantly prejudice defendant's case, the Court will grant plaintiff's motion. Plaintiff has not previously amended her complaint, and she is only seeking to add punitive damages and injunctive relief, not change or add defendants or expand the time period of the litigation. If the amended complaint truly creates a time management issue for the defendant to conduct discovery based on current schedule, plaintiff has indicated a willingness to stipulate to extend the current deadlines.

## CONCLUSION

For the foregoing reasons and for good cause shown, the Court hereby GRANTS plaintiff's motion for leave to amend her complaint. [Docket No. 52].

**IT IS SO ORDERED.**

Dated: February 2, 2010

SUSAN ILLSTON
United States District Judge

8